IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NICHOLAS ALAN JENKINS,            ) | |
|     Petitioner,            ) | Civil Action No. 7:23cv00403 |
|                                   ) | |
| v.            ) | MEMORANDUM OPINION |
|                                   ) | |
| HAROLD W. CLARKE,            ) | By:  Robert S. Ballou[*] |
|     Respondent.            ) | United States District Judge |

Nicholas Alan Jenkins, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction for forcible sodomy, for which he was sentenced to 20 years in the Department of Corrections, with 19 years suspended.  Following preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, I must dismiss the petition as untimely.

I.

On November 14, 2000, Jenkins entered a "no contest" plea to forcible sodomy in Buchanan County Circuit Court and was convicted on that plea.  On January 19, 2001, the court sentenced him to 20 years in the Virginia State Penitentiary, with 19 years suspended and eight years of probation.  The court entered the judgment order on January 23, 2001.  Born in August 1984 (*see* ECF No. 7, p. 2), Jenkins was 16 at the time of the conviction and sentencing, but 15 at the time of the charged offense in October 1999.  Following the probation officer's efforts to find a suitable rehabilitation program, the court held a sentencing reconsideration hearing on March 5, 2002, but he did not change the sentence.  A sentencing order was again entered on

---

[*] Petitioner filed a letter inquiring whether Pamela Sargent, the Senior Assistant Attorney General who handled his civil commitment under the Sexually Violent Predator Act, is the same person as Judge Pamela Meade Sargent.  ECF No. 6.  They are not the same persons, but Judge Sargent did not participate in rendering this opinion.

1

March 19, 2002.  Jenkins did not appeal from either sentencing order, and did not file a state petition for habeas corpus.

The Virginia Courts Case Information system online reflects that Jenkins was convicted of violating the terms of his probation in 2005, and the court reimposed the previously suspended sentence but resuspended 15 years of the sentence and imposed 99 years of probation.  In 2012, Jenkins was again found in violation of his probation, and the court sentenced him to 15 years, but suspended all but six months, with indeterminate probation.  On June 28, 2023, the court found Jenkins in violation of probation again and on August 9, 2023, the court imposed the remaining 14.5 years to serve, followed by one year of supervised release.  Jenkins has not appealed any of his probation violation convictions or sentences, nor has he filed a state petition for habeas corpus regarding those proceedings.

In a related proceeding, the Commonwealth of Virginia filed a petition in 2006 to have Jenkins committed as a sexually violent predator.  *Commonwealth v. Jenkins*, No. CL06-000665 (Buchanan Co. Cir. Ct., filed Nov. 21, 2006).  In his habeas petition, Jenkins alleges that he was committed based solely on hearsay.  The online record discloses entry of a commitment order on May 21, 2007, followed by docket entries for annual reviews each year from 2008 through 2013.  The docket also shows recommitment orders on August 15, 2012, and on September 5, 2013, plus an emergency custody order on November 22, 2021.  The case is still active on the state court docket.  Jenkins has not provided copies of any of his reports or pleadings from that case, nor has he appealed any of his commitments nor challenged them through a state habeas corpus proceeding.

Jenkins filed the current petition in this court on July 5, 2023, based on the postage stamp on his envelope.  He raises the following claims in his petition:

2

1. Ineffective assistance of counsel in 2000-2001, in that counsel failed to explain his trial and plea options to him and his parents, and counsel advised him that he could not appeal any issues because of his no contest plea.

2. Ineffective assistance of counsel in that his attorney never explained to him why he was tried as an adult.

3. He was actually innocent of the crime, as the sexual contact was consensual.

4. His civil commitment was based entirely on hearsay.

By conditional filing order entered July 21, 2023, the court advised Jenkins that his petition appeared to be untimely and advised him to present any additional argument or evidence regarding timeliness within 30 days. Jenkins did not submit any further argument, beyond those contained in his petition.

## II.

Under 28 U.S.C. § 2244(d)(1), a petitioner has one year in which to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    A.  <u>When Did the Statute of Limitations Start to Run?</u>

The only stated reason for Jenkins' delay in filing a habeas petition was that he was under age and did not know his rights. He further alleges that his lawyer never told him about his right to appeal or to post-conviction relief. These allegations do not establish unlawful state action that creates an impediment to filing a petition, so subsection (B) does not apply.

The rights he claims were violated are not newly recognized constitutional rights, which renders subsection (C) irrelevant. The right to effective assistance of counsel has been recognized at least since *Strickland v. Washington*, 466 U.S. 668 (1984). Actual innocence, by itself, has never been grounds for federal habeas relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). New evidence of actual innocence, combined with constitutional error at trial, can create the narrow "miscarriage of justice" exception in the rare case, and that exception has been recognized since 1995. *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Jenkins' hearsay objection to the evidence introduced at the civil commitment hearing is not itself a constitutional right, although the hearsay rules overlap with the Sixth Amendment's right to confront and cross-examine one's accuser. *Dutton v. Evans*, 400 U.S. 74, 86 (1970). Clearly, the right enshrined in the Bill of Rights is not a newly recognized constitutional right.

Finally, subsection (D) is inapplicable because the factual predicate for his claims was known at the time of his plea. He knew that he was being tried as an adult and that his attorney did not tell him why; he knew his attorney told him he could not appeal; if the act was consensual, as he alleges, then he knew that back in 2000 and 2001 as well. That Jenkins did not appreciate the legal significance of what he knew is not sufficient. The delayed start of the statute of limitations is triggered by the actual or imputed "discovery of the claim's 'factual

predicate', not recognition of the facts' legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

Only subsection (A) remains. The statute of limitations began when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The criminal conviction and sentence were final in the judgment order of January 23, 2001. Arguably, assuming the court had jurisdiction to reconsider the sentence in 2002, one could consider the judgment order of March 19, 2002, as the final order. Jenkins had 30 days in which to appeal that order, but he did not do so. Therefore, at the latest the judgment became final on April 18, 2002, the last date on which he could have appealed the court's decision. The one-year federal habeas statute began to run when the judgment became final, and ended no later than April 18, 2003, absent statutory or equitable tolling.

The commitment as a sexually violent predator is a civil judgment, although such commitment involves a significant loss of liberty. *Gibson v. Commonwealth*, 756 S.E.2d 460, 462 (Va. 2014). The respondent may appeal from the court's entry of an order of commitment. *See* The Honorable Lon E. Farris, No. 04-091, 2006 WL 1977473 at *2 (Va. Att'y Gen. April 28, 2006) (opining that "a person aggrieved by the decision of the circuit court [in a commitment hearing] may petition for appeal to the Virginia Supreme Court under the general appeal provisions in Title 8.01," where the enabling statute neither addresses appellate procedure nor prohibits appeals). The Civil Commitment of Sexually Violent Predator Act requires periodic reviews to determine whether a committed individual continues to be a sexually violent predator and whether involuntary commitment remains the only treatment alternative that avoids undue risk to public safety. Va. Code § 37.2-912. A respondent may also appeal the circuit court's

unfavorable review order. *See, e.g., Lotz v. Commonwealth*, 672 S.E.2d 833 (Va. 2009) (considering the merits of appeal challenging order to remain in secure inpatient treatment). Finally, civil commitment orders can also be challenged by habeas corpus under § 2254, and the one-year statute of limitations still applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001).

Jenkins' complaint herein appears to challenge only the initial hearing in which he was declared a sexually violent predator. That order was entered May 21, 2007. He did not appeal within 30 days as required by Rule 5:9 of the Virginia Rules of the Supreme Court. That order became final June 20, 2007, starting the one-year statute of limitations on federal habeas. Absent equitable or statutory tolling, the last day to challenge the initial civil commitment order was June 20, 2008.

Whether Jenkins is challenging the criminal conviction or the civil commitment, the statute of limitations has expired. Three avenues are available to avoid the effects of the statute of limitations: Statutory tolling, equitable tolling, or miscarriage of justice.

B. <u>Statutory Tolling</u>

Section 2244(d)(2) tolls the statute of limitations during the time in which a properly filed application for state habeas is pending. This does not apply to Jenkins' case, however, because he has never filed a state habeas petition to challenge either his conviction or the civil commitment.

C. <u>Equitable Tolling</u>

The United States Supreme Court has recognized a narrow exception for equitable tolling if the petitioner has pursued his rights diligently and some extraordinary circumstances prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 636, 649 (2010). Jenkins has not met either criterion. His primary explanations for untimely filing are his age at the time of his original

conviction and his attorney's failure to advise him of his appellate and post-conviction options. A petitioner's ignorance of the law, even when not represented by counsel, is not an extraordinary circumstance that warrants equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Assuming without deciding that Jenkins' tender years at the time of conviction could constitute an extraordinary circumstance, his minority was short-lived. In August 2002, Jenkins turned 18 and was no longer a minor. Had Jenkins diligently pursued his rights, some allowance for youth might have been appropriate, but this petition comes more than 20 years after his 18th birthday. There is no definition of diligence that allows him to wait more than 20 years to challenge his conviction.

Because Jenkins has not demonstrated due diligence or extraordinary circumstances, there is no basis for equitably tolling the statute of limitations.

D.  Miscarriage of Justice

In balancing the "societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case," the Court has recognized a "miscarriage of justice" exception to the statute of limitations when a litigant presents new evidence showing that, absent constitutional error, "no reasonable juror would have convicted" the defendant. *McQuiggin v. Perkins*, 569 U.S. 383, 393–95 (2013). When a petitioner presents new reliable evidence, "whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," the habeas court must consider the new evidence along with the trial evidence to decide whether, in the absence of constitutional error, petitioner likely would not have been convicted. *Schlup*, 513 U.S. at 316, 324.

In his third claim, Jenkins alleges that he was innocent of the crime because the sexual encounter was consensual. Jenkins states:

> I did not force myself upon my supposed victim. We were in fact both experimenting with our sexualities as some teens often do. My supposed victim is in fact a homosexual and identifies as "gay." At the time of the incident he was reluctant to tell the truth due to judgment by his family towards him for being homosexual.

Pet. at 8, ECF No. 1. If the encounter was consensual, Jenkins knew that at the time he entered his no contest plea; that is not new evidence. He could have testified that it was consensual if he had chosen to go to trial. Evidence is new "only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001); *see also Rowe v. Clarke*, No. 7:18 cv00383, 2019 WL 4235240 (W.D. Va. Sept. 6, 2019).

The alleged victim's current sexual orientation, although not known to Jenkins in 2000, is not by itself relevant to whether the contact was consensual and is certainly not sufficient to persuade a court that Jenkins would not have been convicted but for a constitutional error. The statement that the victim was reluctant to tell the truth because of judgment by his family is speculation. Jenkins cannot know or testify to another person's thought process. Accordingly, the miscarriage of justice exception does not save this untimely claim.

### III.

I will dismiss the petition as untimely.

I decline to issue a certificate of appealability because Jenkins has not made a substantial showing of the denial of a constitutional right.

A separate Final Order will be entered this day.

                                        Enter:  December 19, 2023

                                        */s/ Robert S. Ballou*

                                        Robert S. Ballou
                                        United States Magistrate Judge